MORGAN COUNTY BOARD OF EDUCATION *v.* STATE *ex rel.* PETERS *et al.*

*(Knoxville,* September Term, 1931.)

Opinion filed July 26, 1932.

Davis & Davis, for plaintiff in error.

Cassell & Ladd and Ross H. Williams, for defendant in error.

Mr. Justices Chambliss delivered the opinion of the Court.

The bill was brought to compel by mandamus the County Board of Education to maintain a high school at Burrville, pursuant to Chap. 95, Private Acts of 1931, passed January 29, 1931.

The Board established and opened this school in the fall of 1931, but failing to secure the attendance required by the general education bill of 1925, as amended July 1, 1931, by Chap. 71 of the Acts of 1931, which provides that no Senior High School shall be maintained with fewer than seventy-five pupils in average daily attendance, the school was suspended and provision made for the transportation of the pupils to another high school at Sunbright.

Issuance of the writ was resisted on the ground, (1) that the private act passed in January, 1931 is unconstitutional as special class legislation, in that, as construed by relators, it requires maintenance of this particular school with a minimum attendance of thirty only,

whereas all other like schools throughout the State are required by the general law to have a minimum attendance of seventy-five; and, (2) that the action sought to be controlled involves the exercise of discretion by the Board, as to which mandamus will not lie.

Analysis of the issues presented suggests that the determinative question is whether the attendance minimum is to be treated as thirty, as fixed in the original act of 1925, or as seventy-five, as fixed by this law as amended by the Act passed July 1, 1931, subsequent to the passage of the special act relied on for relators.

■■■ The special act, after providing "that there is hereby created and established a four year High School at Burrville," etc., proceeds as follows:

"*Provided,* That such school shall comply with all laws, rules and regulations that apply to four year High Schools, under the General Laws of the State, it being the purpose of this Act not to abridge or modify any of such rules, laws, and regulations now applicable to four year High Schools in the State of Tennessee, as now provided by the General Law and State Department of Education."

And, by Section 4, it is provided that "there shall be no discrimination against said school," etc. We are of opinion that, viewing the legislation as a whole, *in pari materia,* it was not the purpose that there should be any "discrimination" either against, or in favor of, this school. While definitely directing the location of a high school at Burrville, as the legislature might constitutionally do, the act, by the proviso above quoted evinces a clear and dominating purpose that this school shall be maintained under and only in accordance with regulations

applying generally to High Schools throughout the State. This purpose not to discriminate, consistent with sound reason and practical operation of our State School System, is quite apparent on the face of this act as a whole.

Counsel for relators unduly stress the words "now applicable," and "as now provided by the general law and State Department of Education." The main intent and purpose is we think clearly expressed in the opening language, "such school shall comply with all laws, rules, and regulations that apply to four year high schools, under the General Laws of the State."

Applying the law of reason, the use of the word "now," occurring later in the proviso, was inserted as a part of the identification of the general uniform system of laws with which this school was expected to comply, rather than a restriction to any such specific detail of regulation as might at the moment be in effect.

By Chap. 115, Acts of 1925, the General Assembly had passed a general law under the caption, declaratory of its purpose, "to establish and maintain a uniform system of education." This is the policy of the State. Unless this special act is to be construed as contemplating conformity to the rules and regulations of this general law, as it may be amended from time to time, the principle of uniformity would be destroyed, and an inexcusable, unreasonable discriminatory exception created.

We are therefore of opinion that while it became the duty, enforcible by mandamus, of the County Board to establish this school, as provided by this special act, we are further of opinion that in its maintenance the Board was controlled by the "General Laws of the State" ap-

plying to such high schools, and that when the general educational law of 1925 was amended by the act passed in July, 1931, prior to the opening of this school, the duty of the Board was to comply with the provisions of the act as so amended.

In this view, when after a fair test, is developed that the school attendance at Burrville fell substantially below the minimum of seventy-five, it became the duty of the Board to cease maintaining it.

The Circuit Judge was therefore in error in issuing the writ of mandamus, and the judgment is reversed and the bill dismissed.